UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELLIS KAPLAN,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　-against-<br><br>BARSTOOL SPORTS, INC.,<br><br>　　　　　　　　　　Defendant. | Case No. 1:19-cv-01123-JGK<br><br>**ANSWER TO COMPLAINT** |

Defendant, Barstool Sports, Inc. ("Defendant" or "Barstool"), by its undersigned counsel, as and for its answer to the complaint of Ellis Kaplan ("Plaintiff" or "Kaplan"), alleges as follows:

## NATURE OF THE ACTION

1.  Defendant admits that this purports to be an action for copyright infringement under Section 501 of the Copyright Act and section 1202(b) of the Digital Millennium Copyright Act, and that Plaintiff seeks monetary relief, but denies that Plaintiff is entitled to any such relief. Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff owned and registered the photograph in question or is a New York-based photographer, and denies the remaining allegations in Paragraph 1.

## JURISDICTION AND VENUE

2.  Paragraph 2 asserts a legal conclusion to which no response is required. To the extent a response may be required, Defendant does not contest the jurisdiction of this Court.

3.  Defendant admits that it resides in or transacts business in New York. The remaining allegations of paragraph 3 assert a legal conclusion to which no response is required.

12506081.2

To the extent a response may be required, Defendant does not contest that this Court has personal jurisdiction.

4. Paragraph 4 asserts a legal conclusion to which no response is required. To the extent a response may be required, Defendant does not contest the venue of this Court.

## PARTIES

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5, and on that basis denies them.

6. Defendant admits the allegations in paragraph 6.

## STATEMENT OF FACTS

7. Defendant admits that the Complaint contains an Exhibit A and respectfully refers to that Exhibit for the contents thereof. Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 7, and on that basis denies them.

8. Defendant admits that the Complaint contains an Exhibit B and respectfully refers to that Exhibit for the contents thereof. Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 8, and on that basis denies them.

9. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9, and on that basis denies them.

10. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10, and on that basis denies them.

11. Defendant admits that an article titled *Frat Brawls: St. John's TKE Storm Kappa Sig House With Baseball Bat* appeared at https://www.barstoolsports.com/barstoolu/frat-brawls-st-johns-tke-storm-kappa-sig-house-with-baseball-bats. Defendant further admits that the

-3-

Complaint contains an Exhibit C, and respectfully refers to that Exhibit for the contents thereof. Defendant denies the remaining allegations in Paragraph 11.

12. Defendant admits that it did not directly license the photograph from Plaintiff. Defendant denies the remaining allegations in Paragraph 12.

## FIRST CLAIM FOR RELIEF

13. Defendant incorporates its responses to the allegations in Paragraphs 1 through 12, as if set forth fully herein.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

## SECOND CLAIM FOR RELIEF

20. Defendant incorporates its responses to the allegations in Paragraphs 1 through 19, as if set forth fully herein.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

## GENERAL DENIAL

Each numbered paragraph in this Answer responds to the identically numbered paragraph in the Complaint. Defendant denies all allegations, declarations, claims or assertions in the Complaint that are not specifically admitted in this Answer.

## AFFIRMATIVE DEFENSES

By alleging the separate and additional defenses set forth below, Defendant is not in any way agreeing or conceding that it has the burden of proof or the burden of persuasion on any of these issues.

## FIRST AFFIRMATIVE DEFENSE

The Complaint against Defendant fails, in whole or in part, to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

On information and belief, Plaintiff's claims are barred in whole or in part to the extent any copyright registration asserted by Plaintiff as covering the photograph in suit is invalid, unenforceable, or otherwise does not cover the photograph in suit.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of fair use.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by an express or implied license.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of estoppel or waiver.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the First Amendment of the United States Constitution.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by laches.

### NINTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff is entitled to any relief, which Defendant denies, Plaintiff is not entitled to statutory damages or attorney's fees because the copyright registration asserted by Plaintiff as covering the photograph in suit is untimely.

### TENTH AFFIRMATIVE DEFENSE

To the extent the Court finds any infringement or other wrongful conduct by Defendant, Defendant is entitled to a reduction of damages based on its innocent intent.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's losses, if any, are limited to actual damages.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant's conduct amounts to non-actionable *de minimis* use of a copyrighted work.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing.

### ADDITIONAL DEFENSES

Defendant hereby gives notice that, due to its incomplete knowledge as to the matters set forth in the Complaint, it is unable to determine whether it has additional defenses not expressly enumerated in the preceding paragraphs or elsewhere in this Answer. Defendant thus reserves its right to amend its Answer, to assert additional defenses and to rely upon those additional defenses to the extent they become available or apparent during discovery or further proceedings in this action.

## PRAYER FOR RELIEF

Having completely and fully responded to Plaintiff's complaint, Defendant therefore denies that Plaintiff is entitled to relief.

WHEREFORE, Defendant respectfully requests that:

a) Plaintiff's Complaint be dismissed in its entirety, with prejudice and without leave to replead;

b) Defendant be awarded its costs and expenses incurred in this action, including reasonable attorneys' fees and disbursements; and

c) Such other, further, and different relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendant hereby respectfully demands a trial by jury.

Dated: February 28, 2019
New York, New York

**BRYAN CAVE LEIGHTON PAISNER LLP**

By: */s/ Noah M. Lerman*

Noah M. Lerman
1290 Avenue of the Americas
New York, New York 10104
Tel: (212) 541-2000
Fax: (212) 541-1462
noah.lerman@bclplaw.com

Benjamin F. Sidbury (*pro hac vice*)
301 South College Street, Suite 3900
Charlotte, NC 28202
Tel: (704) 749-8999
Fax: (704) 749-8990
ben.sidbury@bclplaw.com

*Attorneys for Barstool Sports, Inc.*

-1-

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have on this day caused the foregoing document to be electronically filed using the Court's CM/ECF filing system, which sends a notice of this filing and an accompanying link to this filing to all parties entitled to receive electronic notice in this case under the Court's CM/ECF system.

Dated: New York, New York       */s/ Noah M. Lerman*
February 28, 2019      Noah M. Lerman, Esq.

12506081.2