UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
ELLIS KAPLAN,

               Plaintiff,          Docket No. 1:19-cv-1123-JGK

        - against -

BARSTOOL SPORTS, INC.

               Defendant.
---------------------------------------------------------------- x

**JOINT RULE 26(F) REPORT**

Plaintiff Ellis Kaplan and Defendant Barstool Sports, Inc. ("Barstool"), by and through their undersigned attorneys, hereby submit the following Rule 26(f) Report. All parties met and conferred on April 11, 2019, and this report was prepared based on those discussions.

**A.**    **Description of the Case**

Plaintiff Ellis Kaplan brings a copyright infringement action against Barstool alleging that Barstool reproduced and displayed Mr. Kaplan's photograph of the St. Johns University Kappa Sign fraternity home in Queens, New York on its website. Kaplan seeks statutory damages or actual damages and profits against Barstool. In addition, Kaplan brings a second claim of removal of copyright management information under Section 1202(b) of the DMCA for removing Kaplan's gutter credit attributing him as the photographer of the photograph. Barstool denies the allegations, and has asserted various affirmative defenses.

**B.**    **Rule 26(a) Initial Disclosures**

The parties will exchange initial disclosures pursuant to Rule 26(a) of the Federal Rules of Civil Procedure by May 17, 2019.

C.   **Requests for Production**

The parties will serve their first requests for production of documents by <u>May 24, 2019</u>.

D.   **Interrogatories**

The parties will serve their first interrogatories by <u>May 24, 2019</u>.

E.   **Leave to Amend/Add Additional Parties**

The last day for the parties to amend their pleadings or add additional parties without leave of Court will be <u>July 12, 2019</u>

F.   **Requests to Admit**

The parties will serve their first requests to admit by <u>August 9, 2019.</u>

G.   **Close of Fact Discovery**

Fact discovery will close by <u>October 25, 2019.</u>

H.   **Close of Expert Discovery**

Expert discovery will close by <u>December 13, 2019.</u>

I.   **Summary Judgment Motions**

Any summary judgment motions will be due on or before <u>January 17, 2020</u>.  Any opposition thereto will be due on <u>February 7, 2020</u>.  Any reply thereto will be due on <u>February 14, 2020</u>.

J.   **Other Matters**

    1.   **Electronic Discovery:**

The parties anticipate that discovery in this case will involve the production of hard copy documents and electronically stored information ("ESI").  The parties will meet and confer in good faith throughout the course of discovery in an effort to avoid the need for any formal motions related to discovery of ESI.  The parties agree that they are under no obligation to preserve or search ESI on backup tapes/media (including both disaster recovery and

archival/retention), webpages, instant messaging systems, PDAs, paging devices, and mobile telephones from ESI. The parties reserve the right to revisit this agreement in the event that it appears that specific, narrowly-tailored, materially relevant discovery can be obtained from no other source and a party would be substantially prejudiced by its non-production.  In any event, the parties reserve all of their rights to oppose requests for such discovery.  Although the parties have agreed that certain sources of data (which are not reasonably accessible) need not be preserved, it is not the intention of the parties to use this agreement to intentionally delete evidence in this case.

### 2. Issues Relating to Claims of Privilege

The parties shall produce privilege logs within a reasonable time after production.  The parties will confer in good faith on the ways to minimize the burden of privilege logs.  The parties agree that any inadvertent disclosure of privileged material in the course of discovery shall not constitute a waiver of privilege, provided that the party who made the inadvertent disclosure promptly notifies the other party upon becoming aware of the disclosure.

### 3. Changes to Limitations on Discovery

The parties do not anticipate any additional changes to or limitations on discovery at this time.

### 4. Protective Order

The parties recognize that this matter may require the production of sensitive commercial information and therefore agree that it is appropriate to enter into a protective order to govern the handling of such information.  Before documents are produced, the parties will execute a stipulated pre-trial protective order for this Court's approval.

**K.     Settlement Discussions**

During the April 11, 2019 meet and confer, the parties discussed the possibility of settlement, as required.

**L.     Trial**

Based on the claims currently advanced by Plaintiff, the parties contemplate that trial in this matter will take 2-3 full days, but reserve the right to revise this estimate after the scope of the case becomes clearer.  The parties do not consent to trial before a magistrate judge.  The parties request that the cased be tried before a jury.

Dated:  New York, New York
         April 12, 2019

| LIEBOWITZ LAW FIRM, PLLC | BRYAN CAVE LEIGHTON PAISNER LLP |
|---|---|
| /s/ Richard Liebowitz<br>With the express written permission of<br>Richard P. Liebowitz<br>11 Sunrise Plaza, Suite 305<br>Valley Stream, New York 11580<br>Tel.: 516-233-1660<br>E-mail: RL@liebowitzlawfirm.com<br><br>*Attorneys for Plaintiff Ellis Kaplan* | /s/ Benjamin F. Sidbury<br>Noah M. Lerman<br>1290 Avenue of the Americas<br>New York, New York 10104<br>Tel: (212) 541-2000<br>Fax:  (212) 541-1462<br>E-mail: noah.lerman@bclplaw.com<br><br>Benjamin F. Sidbury<br>301 South College Street, Suite 3900<br>Charlotte, NC 28202<br>Tel: (704) 749-8999<br>Fax: (704) 749-8990<br>E-mail: ben.sidbury@bclplaw.com<br><br>*Attorneys for Defendant Barstool Sports, Inc.* |